UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELVIN L. TERRY,

   Petitioner,

 v.           Case No. 20-cv-237-pp

DYLON RADTKE,

   Respondent.

---

**ORDER CONSTRUING MOTION AS MOTION FOR STAY AND ABEYANCE, DENYING MOTION WITHOUT PREJUDICE (DKT. NO. 3) AND REQUIRING PETITIONER TO PAY $5.00 FILING FEE AND FILE AMENDED PETITION**

---

  On February 14, 2020, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2014 convictions in Milwaukee County Circuit Court for first-degree reckless homicide, felon in possession of a firearm and first-degree recklessly endangering safety. Dkt. No. 1 at 2; see also State of Wisconsin v. Melvin Lidall Terry, Milwaukee County Case Number 2013CF002759, available at https://wcca.wicourts.gov/. He also filed a letter motion, in which he asked the court to "stead" his federal "appeal" while he tries to find counsel to represent him for the purpose of pursuing a post-conviction motion under Wis. Stat. §974.06 in state court. Dkt. No. 3.

  The first thing the federal court does when it receives a *habeas* petition is to screen the petition under Rule 4 of the Rules Governing Section 2254 Cases. Before the court can screen the petition, however, the petitioner must pay the

1

$5.00 filing fee or file a motion asking the court for permission to proceed without prepaying the filing fee. The petitioner has not paid the $5.00 filing fee associated with *habeas* cases, despite a letter from the Clerk of Court for the Eastern District of Wisconsin instructing him to do so. Dkt. No. 2. The court will set a date by which the petitioner must pay his filing fee or file a motion to waive the fee. If he doesn't do one of those things by the deadline the court sets, the court will dismiss the petition.

If the court receives the filing fee (or the motion to proceed without paying it) by the date the court sets, the court will require the petitioner to file an amended petition. The original petition contains no information in the "Grounds for Relief" section—section IV. Dkt. No. 1 at 6-8. Without this information, the court cannot tell whether the petitioner has claims that are recognizable in a federal *habeas* case and cannot tell whether the petitioner has exhausted his federal *habeas* claims in the state courts.

The court recognizes that the petitioner likely left this section blank for a reason; he explained in his motion that he wants to pursue a Wis. Stat. §974.06 motion in Wisconsin state court, but because he believed that the one-year limitations period for filing federal *habeas* petitions under 28 U.S.C. §2244(d) was going to expire on March 12, 2020 (a little less than a month after the court received the petition), he likely filed the bare-bones petition to stop that clock. Dkt. No. 3 at 1. His letter motion asks the court to stay this federal case while he tries to recruit counsel to represent him in his Wis. Stat. §974.06

2

proceeding. Id. The court will construe the letter motion as a motion for stay and abeyance.

This court has the power to order a stay and abeyance of the federal *habeas* petition while the petitioner returns to the state court to exhaust his state remedies. Rhines v. Weber, 544 U.S. 269 (2005). But the court may only do so if the petitioner demonstrates "good cause" for imposing a stay and abeyance and only if the court finds that the claims in the petition have some merit. Id. at 277 ("[E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). The petitioner hasn't listed any *habeas* claims, so the court cannot determine whether they have merit.

The court will deny the petitioner's motion for stay and abeyance without prejudice. The petitioner must (a) pay the $5.00 filing fee or file a request to proceed without doing so and (b) file an amended petition that states the grounds upon which he wants to proceed in federal court. If the petitioner does **both** these things by the deadline the court sets below, he also may file another motion asking for the court to stay his *habeas* petition. If the petitioner does not pay the filing fee (or file a motion asking for leave to proceed without paying it) **and** file an amended petition by the deadline the court sets below, ***the court will dismiss the petition without prejudice***.

The court **ORDERS** that the petitioner must pay the $5.00 filing fee, or file a motion asking for permission to proceed without paying it, in time for the court to *receive* it by the end of the day on **June 5, 2020**.

3

The court **ORDERS** that the petitioner must file an amended petition setting out his grounds for federal *habeas* relief in time for the court to *receive* it by the end of the day on **June 5, 2020**.

The court **CONSTRUES** the petitioner's letter motion as a motion for stay and abeyance and **DENIES** the motion. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 4th day of May, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**