UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELVIN L. TERRY,

        Petitioner,

  v.                                      Case No. 20-cv-237-pp

DYLON RADTKE,

        Respondent.

---

**ORDER CONSTRUING LETTER AS MOTION TO WAIVE FILING FEE AND DENYING MOTION (DKT. NO. 7), CONSTRUING LETTER AS MOTION TO APPOINT COUNSEL AND DENYING MOTION (DKT. NO. 8) AND ADMINISTRATIVELY CLOSING CASE**

---

      On February 14, 2020, the petitioner, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his December 17, 2014 judgment of conviction in Milwaukee County Circuit Court for first-degree reckless homicide, first-degree recklessly endangering safety and possessing a firearm as a convicted felon. Dkt. No. 1 at 1-2; see also State v. Terry, Milwaukee County Case 13CF002759 (available at https://wcca.wicourts.gov). On May 4, 2020, the court ordered the petitioner to either pay the $5.00 filing fee or file a motion requesting the court to waive the fee and requiring him to file an amended petition. Dkt. No. 6.

1

On May 15, 2020, the court received from the petitioner a letter asking the court to waive the filing fee. Dkt. No. 7. The same day, the court also received a letter asking the court to appoint him counsel. Dkt. No. 8.

The court will construe the petitioner's first letter as a motion to waive the filing fee and will deny the motion as moot. The court will construe the petitioner's second letter as a motion for the appointment of counsel and will deny the motion. While the petitioner has not complied with the court's order to file an amended petition, the court is concerned that if it dismisses the petition, the petitioner may be barred from refiling in the future. The court will administratively close the case, preserving the February 14, 2020 filing date, and will allow the petitioner to file a motion to reopen the case if and when he either completes litigation on his Wis. Stat. §974.06 motion in state court or is able to write an amended petition that explains to the court what happened and why he believes he is entitled to *habeas* relief.

**I.  Background**

On May 4, 2020, the court issued an order explaining that before it could screen his petition, the petitioner had to either pay the $5.00 filing fee or file a motion asking the court for permission to proceed without paying the filing fee. Dkt. No. 6 at 1-2. The court explained that if the petitioner did not do either of those things by June 5, 2020, it would dismiss the petition without prejudice. Id. at 2, 3. Noting that the petition contained "no information in the 'Grounds for Relief' section," the court also explained that it would require the petitioner to file an amended petition. Id. at 2. The court stated that without the

"Grounds for Relief" information, it was unable to screen the petition because it could not tell (1) "whether the petitioner ha[d] claims that are recognizable in a federal *habeas* case," or (2) "whether the petitioner ha[d] exhausted his federal *habeas* claims in the state courts." Id. The court then construed the petitioner's letter, dkt. no. 3, as a motion for stay and abeyance; the court denied the motion because the petitioner had listed no claims in his *habeas* petition, and therefore, the court could not determine whether the motion for stay and abeyance had any merit. Dkt. No. 6 at 2-3.

At the end of its order, the court stated that

> [t]he petitioner must (a) pay the $5.00 filing fee or file a request to proceed without doing so and (b) file an amended petition that states the grounds upon which he wants to proceed in federal court. If the petitioner does **both** of these things by the deadline the court sets below, he also may file another motion asking the court to stay his *habeas* petition. If the petitioner does not pay the filing fee (or file a motion asking for leave to proceed without paying it) **and** file an amended petition by the deadline the court sets below, **the court will dismiss the petition without prejudice**.

Id. at 3 (emphasis in original). The court ordered the petitioner to file his amended petition in time for the court to *receive* it by the end of the day on June 5, 2020. Id. at 4. The petitioner has not complied with the court's order.

## II. Motion to Waive the Filing Fee (Dkt. No. 7)

The court's May 4, 2020 order required the petitioner to either pay the $5.00 filing fee or file a motion to waive the fee. Dkt. No. 7. The petitioner did not use the form available to a *habeas* petitioner seeking to proceed without paying the filing fee. The petitioner did not provide the court with a trust account statement or other information regarding his ability to pay the filing

3

fee. He simply states, "I would like to ask this court to wave the filing fee of 5.00." Dkt. No. 7 at 1. The court has no way to assess whether the petitioner can pay the filing fee or why he is asking to waive it.

Instead, the petitioner uses the rest of this letter to explain that the "state courts allowed a 'show-up' identification to stand in [his] case." Id. He mentions an "ineffective claim, for failure to present an expert witness." Id. He says that he has a learning disability "(LDYED)" and no understanding of the law that would enable him to argue, litigate or present motions to a court. Id. He says that his case should not be left in the hands of anyone who isn't a lawyer, and asks the court to use its discretionary powers to appoint counsel. Id. He says that COVID-19 has ended any help that he was going to get from his family. Id. He says he's not a lawyer, and he asks the court not to force him into a situation that will "undoubtedly" cause him to forfeit his rights. Id.

He then says that he wants the court to appoint counsel to represent him on "[t]he Clifton show-up identification evidence should have been suppressed by the state courts," "[i]neffective of trial counsel, for failure to present an expert witness." Id. at 2. He seems to indicate that these issues were "appealed in state court September 4, 2018, and denied December 12, 2018." Id.

The original petition had indicated that the petitioner raised two claims in his direct appeal—"The Clifton identification should have been omitted 2. Terry can prove prejudice from the absence from an eyewitness support. Ineffective assistance of counsel." Dkt. No. 1 at 3. It also indicated that the petitioner sought further review in the state Supreme Court, describing the

4

issues as "suppress of the Clifton identification and ineffective assistance of counsel, for failure to present an expert witness opinion. Same issues as appeal." Id. But as the court noted in its May 4 order, section IV of the petition, "Grounds for Relief," was blank. The plaintiff did not explain if he was raising these same claims in *this* federal petition. He did not explain the facts of his case. He did not explain what the "Clifton identification" was, or how he believed his counsel was ineffective, or whether he believed that it was his trial counsel or his appellate counsel that was ineffective. The court knows almost nothing about the petitioner's case or why he believes he ought to be granted *habeas* relief. Four sentences in a motion to waive the filing fee does *not* constitute an amended complaint and does *not* give the court anything to go on.

The court will deny the motion to waive the filing fee. The petitioner owes the $5.00 filing fee.

### III.   Motion to Appoint Counsel (Dkt. No. 8)

The plaintiff's second letter explains that (1) the attorney who represented him on direct appeal in the Wisconsin Court of Appeals had advised him to file a Wis. Stat. §974.06 post-conviction motion, (2) he had written the Wisconsin State Public Defender's Office asking if they "cause appoint counsel," and (3) the State Public Defender's Office "said that it had to be 'court appointed.'" Id. The petitioner asks the court to "appoint a new appeal counsel to file a 974.06 on [his] behalf." Id. The petitioner says that "[c]ourt appointed counsel, Matthew S. Pinix . . . [c]learly states in his letter, that made

5

the mistake of not catching it when he did his review of [the petitioner's] case." Id. The petitioner says that in the fairness of justice, he asks the court to use its powers to appoint him a lawyer. Id.

The plaintiff attached to this letter a February 26, 2018 letter to him from Attorney Matthew S. Pinix. Dkt. No. 8-1. A chronology of events from the public court web site helps put this letter, and the petitioner's request, into context. The petitioner was charged in Case No. 2013CF002759 on June 22, 2013. https://wcca.wicourts.gov/. After a five-day trial, the jury returned its verdict on November 3, 2014. Id. The court sentenced the petitioner on December 4, 2014. Id. The petitioner appealed. Case No. 2016AP886 (https://wscca.wicourts.gov/). The appeal was dismissed on September 20, 2016. Id. On February 13, 2017, the petitioner filed a motion for new trial in Case No. 2013CF002759. https://wcca.wicourts.gov/. The court denied that motion on August 4, 2017. Id. The petitioner appealed on August 18, 2017. Id.; Case No. 2017AP1625 (https://wscca.wicourts.gov). The court of appeals affirmed the denial of the motion on August 8, 2018. Id. The petitioner sought review in the Wisconsin Supreme Court. Id. The Supreme Court denied the petition for review on December 14, 2018. Id.

The letter the petitioner attached is dated February 26, 2018—during the time the petitioner's appeal of the denial of his motion for new trial was pending. Dkt. No. 8-1. In it, the petitioner's then-counsel, Matthew Pinix, discusses with the petitioner his belief that the prosecution may have conceded at some point that the petitioner's arrest was illegal. Id. at 1. Attorney Pinix

6

explained to the petitioner the procedural reasons he could not raise that issue in the appeal of the denial of the new trial motion. Id. at 2. He told the petitioner, however, that if the petitioner lost the appeal, "there would be a viable two-tiered ineffective assistance of counsel claim that you could advance through a Wis. Stat. § 974.06 postconviction motion . . ." Id. Pinix advised the petitioner that pleading and litigating a §974.06 motion was complicated, and recommended that if the petitioner decided to "go that route," the petitioner should seek appointment of discretionary counsel from the State Public Defender's office." Id. While Attorney Pinix told the petitioner that the SPD did not appoint counsel in every §974.06 motion, Pinix believed that the petitioner's case warranted such an appointment. Id. Pinix also offered to talk to the SPD intake coordinator about why Pinix believed a discretionary appointment would be warranted. Id.

The court believes that the petitioner's motion is asking this *federal* court to appoint discretionary counsel to represent the petitioner in filing the *state* §974.06 motion that Attorney Pinix suggested. This court cannot grant that request. This court is a *federal* district court. It has the authority to appoint lawyers to represent parties in *federal* court proceedings. In *federal* criminal cases, it can appoint staff members from Federal Defender Services of Wisconsin (the federal equivalent of the Wisconsin State Public Defender) or private attorneys under the federal Criminal Justice Act; in civil cases, it can try to recruit volunteer lawyers to represent parties in *federal* lawsuits. But this court has no authority to appoint lawyers to represent parties in *state* court.

7

The court looked on the Wisconsin State Public Defender's web site, https://wispd.org. It learned that the appellate division of that organization can make "discretionary appointments" of lawyers in situations in which there is no statutory or constitutional right to counsel. It appears that these appointments are rare due to lack of funding. A person seeking a discretionary appointment must send a letter to State Public Defender—Appellate Division, 735 N. Water Street, Suite 912, Milwaukee, WI 53202-4116. The letter should include a description of the case and the appellate issue or claim. It is helpful if the person includes copies of any post-conviction motions that have been drafted, along with copies of any other documents that might help to understand the case. Finally, the web site says that if the Appellate Division denies someone's request for discretionary counsel, that person may contact the State Bar of Wisconsin for information on getting legal help. If the person is incarcerated, the person may apply for assistance to the Legal Assistance to Institutionalized Persons (LAIP) Project or the Innocence Project of the University of Wisconsin Law School, by writing to Frank J. Remington Center, University of Wisconsin Law School, Room 4315-4318, 975 Bascom Mall, Madison, Wisconsin 53706.

On the chance that the petitioner is asking this federal court to appoint a lawyer to help him litigate his federal *habeas* petition, the court denies the motion. There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed

8

counsel in a federal postconviction proceeding." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005)). The Criminal Justice Act gives a district court the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B).

The interests of justice do not require the court to appoint counsel for the petitioner now. The petitioner is asking the court to give him time to file his §974.06 motion in state court. There would be nothing for a lawyer to do for him here in federal court until he has completed that process.

## IV. Dismissal

In its May 4, 2020 order, the court told the petitioner that if it did not receive an amended petition by June 5, 2020, it would dismiss his case. The court now has looked at the letter Attorney Pinix filed and at the dockets for the petitioner's trial and appeals. It is concerned that, even though the petitioner has not articulated it to this court, he may have a claim. The court also is concerned that because the Wisconsin Supreme Court declined review of his case in December 2018, and the petitioner did not file his federal petition until February 14, 2020, the petitioner's claim may be time-barred already, and if not, it could become barred if the court were to dismiss the case. See 28 U.S.C. §2244(d)(1) (one-year limitation period for federal *habeas* petitions).

The court will administratively close this case. If in the future the petitioner is able to draft a petition that explains to the court what happened in his case and why he believes he is entitled to *habeas* relief, he may file a letter

9

asking the court to reopen the case. He must attach to such a letter an amended petition. The amended petition must explain to the court what claims the petitioner wishes to raise. He cannot simply say, "Ineffective assistance of counsel." He must tell the story of what happened: "I believe the lawyer who represented me at my trial in Case Number XXXXX was ineffective because he did not call any witnesses to testify on my behalf," or "I believe that the trial court was wrong when it let the State put in evidence of a witness's show-up identification because . . . ." The petitioner may file a motion to reopen at any time, including after he has litigated any §976.04 motion through all levels of the state court system. If, in the future, the petitioner moves to reopen the case, he will have preserved the February 14, 2020 federal *habeas* filing date for limitations purposes.

**V.     Conclusion**

The court **CONSTRUES** the petitioner's letter as a motion for the court to waive the filing fee and **DENIES** the motion. Dkt. No. 7.

The court **CONSTRUES** the petitioner's letter as a motion for the appointment of counsel and **DENIES** the motion. Dkt. No. 8.

The court **ORDERS** that the Clerk of Court shall administratively close this case unless and until the petitioner moves to reopen it.

Dated in Milwaukee, Wisconsin this 30th day of October, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
